UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM A. FLEMING, | ) |
| Petitioner, | ) |
| | ) No. 4:14CV118 CEJ |
| JEFF NORMAN, | ) |
| Respondent, | ) |

## MEMORANDUM

This matter is before the Court on the petition of William A. Fleming for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 7, 2014, the Court ordered petitioner to show cause why the petition should not be dismissed as time-barred, and petitioner has failed to respond. After careful consideration, the Court finds that the petition is time-barred, and the Court will summarily dismiss it pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

In May 2008 petitioner was charged with two counts of domestic assault in the second degree. Missouri v. Fleming, No. 08D7-CR00864-01 (St. Francois County). Petitioner pled guilty to the charges, and on July, 31, 2008, the trial court sentenced him to seven years' imprisonment. However, the court suspended the execution of the sentence and placed petitioner on probation. Petitioner did not file a direct appeal.

In March 2013 the trial court found that petitioner had violated the conditions of his probation and ordered that it be suspended. On April 12, 2013, the court revoked petitioner's probation and sentenced him to seven years' imprisonment. On October 9,

2013, petitioner filed a Rule 24.035 motion for postconviction relief challenging the 2008 conviction. Fleming v. Missouri, No. 13SF-CC00208 (St. Francois County). The court appointed counsel for petitioner, and the petition is currently pending. Id.

In the instant petition, petitioner argues (1) that the May 2008 warrant for his arrest violated the Double Jeopardy Clause, (2) that he was arrested in 2008 without probable cause, (3) that his 2008 trial counsel was ineffective, (4) that his 2008 sentence violated the Eighth Amendment, and (5) that he was deprived of due process because the Information included two counts although there was only one incident.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006).

Title 28 U.S.C. § 2244(d), imposes a one-year limitation period on the filing of § 2254 petitions in the federal courts. A petitioner generally has one year from the date the conviction became final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). Exceptions exist, but none of the exceptions appear to apply in this case. Nor does the limitations period appear to have been tolled under § 2244(d)(2).

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. E.g., Missouri v. Nelson, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was

entered. Id.; Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final on about August 10, 2008. Because petitioner did not file an appeal or motion for postconviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on August 10, 2009. The petition is therefore barred by the limitations period.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. ' 2253(c).

A dismissal order will accompany this Memorandum.

Dated this 17th day of March, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE